## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### ADOLPHUS BYRD v. COMMONWEALTH.

January 14, 1926.

APPEAL AND ERROR—*Assignment of Error—Verdict Contrary to the Law and the Evidence—Sufficiency of Assignment—Statement of the Evidence— Case at Bar.*—The only error assigned by accused in the instant case was the action of the court in refusing to set aside the verdict of the jury as contrary to the law and the evidence. Bill of exceptions number 2 stated that the Commonwealth and the defendant, to sustain the issues on their part, "produced the evidence from pages 1 to—, inclusive, hereafter denoted 'evidence' and asked it to be read as a part of the record." But the statement which purports to contain the "evidence" was not copied into the bill of exceptions nor in any way identified or certified by the trial judge as the evidence in the case. Highly incriminating evidence, admitted in the petition to have been before the jury, did not appear elsewhere in the record.

*Held:* That, the evidence not appearing in the record, the writ of error must be dismissed.

Error to a judgment of the Circuit Court of Charles City county.

*Writ dismissed.*

The opinion states the case.

*Wm. F. Denny,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile, Assistant Attorney General,* and *Lewis H. Machen, Assistant Attorney General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Adolphus Byrd complains of a verdict and judgment by which he was sentenced to jail for two months and to pay a fine of $100 for violating the prohibition law.

The only error assigned by the accused is the action of the court in refusing to set aside the verdict of the jury as contrary to the law and the evidence.

Bill of exceptions No. 2 states that the Commonwealth and the defendant, to sustain the issues on their part, "produced the evidence from pages one to _____ inclusive, hereafter denoted 'evidence' and asked to be read as a part of the record." But the statement which purports to contain the "evidence" is not copied into the bill of exceptions, nor in any way identified or certified by the trial judge as the evidence in the case. Besides, highly incriminating evidence, admitted in the petition to have been before the jury, does not appear elsewhere in the record, which makes it certain that the evidence referred to in the skeleton bill of exceptions was not all the evidence in the case.

If the evidence referred to in the petition and that contained in the statement of the evidence were a part of the record, we would be forced to hold that it was sufficient to support the verdict of the jury.

The evidence not appearing in the record, we must dismiss the writ as improvidently awarded.

*Writ dismissed.*